UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NATHANIEL DANTE RICE,<br>      Plaintiff,<br><br>vs.<br><br>SHERIFF RICHARD K. JONES, *et al.*,<br>      Defendants. | Case No. 1:22-cv-695<br>McFarland, J.<br>Litkovitz, M.J.<br><br>**ORDER AND REPORT<br>AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to amend his complaint (Doc. 11) and plaintiff's motion for discovery (Doc. 13). As defendants have not yet appeared in this matter, no opposing memoranda have been filed.

Pro se plaintiff Nathaniel Dante Rice filed this civil rights action on March 6, 2023. (Doc. 3). He alleged claims against twenty-four defendants relating to the conditions of confinement at the Butler County Jail and medical treatment he received at a Middletown, Ohio hospital. (Doc. 3 at PAGEID 123-25).

On March 31, 2023, the District Court, over plaintiff's objections, dismissed with prejudice several claims related to events at the Butler County Jail. (Doc. 6). The following claims remain pending:

1. Plaintiff's Fourteenth Amendment claims of excessive force against:

    a. Defendant Claudill for allegedly kicking and injuring plaintiff's hand in booking;

    b. Defendant Branson for allegedly recklessly pushing plaintiff's wheelchair and slamming plaintiff down on August 16, 2021; and

    c. Defendants Branson, Doyle, and Pollard for allegedly attacking plaintiff on September 15, 2021;

2. Plaintiff's Fourteenth Amendment claims for deliberate indifference to a serious medical need against defendant Rowe for allegedly interfering with the provision of medical care to plaintiff's hand and thumb in booking;

3. Plaintiff's Fourteenth Amendment claim against defendant Rowe for failing to intervene when defendant Branson allegedly recklessly pushed plaintiff's wheelchair and slammed plaintiff down on August 16, 2021;

4. Plaintiff's Fourteenth Amendment condition of confinement claim against defendants Branson, Young, and Rowe for allegedly failing to bring cleaning supplies to cell 15 resulting in plaintiff developing a rash; and

5. Plaintiff's Americans with Disabilities Act ("ADA") and Rehabilitation Act claims against Warden/Captain Nick Fisher in his official capacity based on the alleged denial of a wheelchair and an accommodation for a medical diet.

(Doc. 6 at PAGEID 185-86). In addition, the District Court severed and dismissed without prejudice to refiling as a separate action plaintiff's claims relating to his treatment at the Middletown hospital. (Doc. 6 at PAGEID 186).

I.  **Plaintiff's Motion to Amend Should be Denied.**

Although plaintiff labeled his May 4, 2023 filing a "Motion To Amend," it is actually a completed form complaint. (Doc. 11). The purported amended complaint is substantially similar to his original complaint except that Plaintiff seeks to: (1) assert criminal charges against defendants Claudill, Branson, Doyle, Pollard, and Ponder (Doc. 11 at PAGEID 258); and (2) reinstate with only minor changes various previously dismissed claims. (Compare Doc. 3 at PAGEID 121-36 with Doc. 11 at PAGEID 254-69). The affidavits plaintiff submitted in support of the two complaints are identical for the first seven pages (Doc. 3-1 at PAGEID 141-148, Doc.

2

11-1 at PAGEID 271-278), but the newer affidavit omits recitation of events at the Middletown, Ohio hospital. (Compare Doc. 3-1 at PAGEID 149-150 with Doc. 11-1 at PAGEID 278).

As plaintiff was previously granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the Court must review plaintiff's purported amended complaint to determine whether the proposed amendment is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b); *Nutt v. Seta*, No. 1:19-cv-460, 2020 WL 581837, at * (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, 2020 WL 1042476 (S.D. Ohio March 4, 2020) ("Because plaintiff is a prisoner proceeding pro se, the Court must re-screen his tendered amended complaint under the PLRA regardless of whether the amendment is considered under Rule 15(a)(1) or Rule 15(a)(2).").

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

4

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### A. Criminal Charges

Plaintiff seeks to amend his complaint to "seek criminal charges against Claudill, Branson, Doyle and Pollard for assaulting Rice" and "see[k] criminal charges for Ofc Ponder ta[m]pering with Rice outgoing mail on or about 8/20/2021-8/21/2021." (Doc. 11 at PAGEID 258). The Court previously permitted plaintiff's Fourteenth Amendment excessive force claims to proceed against defendants Claudill, Branson, Doyle, and Pollard. (Doc. 6 at PAGEID 185-86). However, the Court has no authority to press criminal charges on behalf of a plaintiff. *See, e.g.*, *Wortman v. Bd. of Parole*, No. 20-5718, 2021 WL 9528123, *2 (6th Cir. Sept. 23, 2021) (Court "lacked jurisdiction to initiate a criminal investigation on [plaintiff's] request, and [plaintiff] lacks authority to compel the criminal investigation or prosecution of private citizens.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Feiler v. Johnson*, No. 2:23-cv-11225, 2023 WL 4831424, at *3 (E.D. Mich. July 27, 2023) (Plaintiff "has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime," and the court "lacks authority to compel state or federal officials to bring criminal charges.") (internal citations omitted). Therefore, because the Court lacks jurisdiction to press criminal charges, plaintiff's request to amend his complaint to seek criminal charges should be denied.

5

### B. Previously Dismissed Claims

Plaintiff's purported amended complaint also attempts to restate allegations that the District Court has already dismissed with prejudice against thirteen defendants. (Doc. 11 at PAGEID 254-256, Doc. 6). Specifically, plaintiff attempts to resurrect previously-dismissed claims against defendants Jones, Adams, Rump, Burkett, Smith, John Doe #1, John Doe #2, Jane Doe #1, Jane Doe #2, Jane Doe #3,[1] Rule, Rickie, and Ponder. (Doc. 11 at PAGEID 254-256). These claims have been dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (Doc. 6 at PAGEID 185-186), and plaintiff has not substantially altered the allegations against these defendants. (Doc. 11 at PAGEID 259-269). For the reasons stated in the Court's previous recommendation to dismiss these claims (Doc. 4 at PAGEID 161-174), plaintiff should not be permitted to amend his complaint to restate those claims now. *See Nutt*, 2020 WL 581837, at *4 (plaintiff's motion to amend complaint should be denied where allegations have not been meaningfully altered to establish basis for reinstating plaintiff's previously dismissed claims). Accordingly, plaintiff's motion to amend (Doc. 11) should be denied.

### II. Plaintiff's Motion for Discovery Will be Denied.

Plaintiff has moved for discovery "to properly identify all defendants in lawsuit." (Doc. 13 at PAGEID 281). Plaintiff's discovery motion will be denied.

First, all claims against unknown defendants have been dismissed from this action. (Doc. 6). The identities of the remaining defendants—Fisher, Rowe, Young, Branson, Pollard, Doyle, and Claudill—are known. Therefore, plaintiff's motion is moot.

---

[1] Plaintiff's purported amended complaint names "Medical Supervisor Jane Doe #4 [with "#4" crossed out] #3" as a defendant. (Doc. 11 at PAGEID 255). Plaintiff's original complaint named "Medical Supervisor Jane Doe #4" and "Hospital Nurse Jane Doe #3" as defendants. (Doc. 3 at PAGEID 124-125). Regardless of which Jane Doe plaintiff intended to rename in his purported amended complaint, allegations against both Jane Doe #3 and Jane Doe #4 have been dismissed from this action. (Doc. 6).

Second, plaintiff requests photo identification and names of all medical staff and supervisors who "did rounds" on certain dates and "all SGT's who did rounds in F. Pod from 8/16/2021 until 9/23/2021." (Doc. 13 at PAGID 281-281). Written interrogatories and production of documents are governed by Federal Rules of Civil Procedure 33 and 34 respectively. The party seeking such discovery "may serve on any other party" the requests for such information. Fed. R. Civ. P. 33(a)(1), 34(a). Thus, discovery requests must be made to another party rather than to the Court.

If, however, plaintiff has already served the discovery requests on another party and he intends his "motion for discovery" as a motion to compel, he has failed to satisfy Federal Rule of Civil Procedure 37(a) and S.D. Ohio Civil Rule 37.1. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(1) provides, in relevant part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion *must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery* in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1) (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

There is no indication from plaintiff's motion that he first served his discovery requests on any party, that the party refused to comply with such requests, or that the parties attempted to resolve any dispute prior to filing the motion. Before plaintiff may file a motion seeking to compel discovery, he must contact the party with such knowledge (or their counsel) to attempt to

7

resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with the party or counsel (such as writing a letter to the party or their counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must include in any motion to compel discovery a certification setting forth the efforts he took to resolve the dispute before filing a motion.

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's motion for discovery (Doc. 13) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's motion to amend (Doc. 11) be **DENIED**.

Date: 9/27/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL DANTE RICE　　　　　　　　　　Case No. 1:22-cv-695
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　　McFarland, J.
vs.　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.

SHERIFF RICHARD K. JONES, *et al.*,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).