UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL D. RICE,                      Case No. 1:22-cv-695
    Plaintiff,                                 McFarland, J.
                                           Litkovitz, M.J.
    v.

SHERIFF RICHARD K. JONES, *et al.*,       **REPORT AND**
    Defendants.                              **RECOMMENDATION**

The Court previously noted that one defendant, Officer Pollard, had not been served. On April 22, 2024, the Court ordered that plaintiff show cause, in writing, no later than May 13, 2024, why his complaint against Officer Pollard should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for lack of service. (Doc. 31). Plaintiff failed to respond to the Court's show cause order. At a status conference held on April 22, 2024,[1] counsel for the other defendants indicated that Officer Pollard has not been employed by the Butler County Jail for some time.

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court must either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

---

[1] Plaintiff did not appear at this conference.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court previously ordered service of process by the United States Marshal. (*See* Doc. 4 at PAGEID 178[2]; March 23, 2023 docket notation reflecting receipt of USM-285 form). More than one year later, the Court order plaintiff to show cause why his complaint against Officer Pollard should not be dismissed for lack of service. (Doc. 31). Plaintiff failed to serve Officer Pollard and failed to respond to the Court's show cause order.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendant Pollard be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Date: 5/22/2024

Karen L. Litkovitz
United States Magistrate Judge

---

[2] "Upon receipt of service copies and completed United States Marshal forms [for defendant Pollard], the Court **ORDERS** service of process by the United States Marshal in this case as directed by plaintiff." (*Id.*).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHANIEL DANTE RICE
    Plaintiff,

vs.

SHERIFF RICHARD K. JONES, *et al.*,
    Defendants.

Case No. 1:22-cv-695

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).